## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **PROPHET WILLIE H. ELLIS, ET AL.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CASE NO.:  1:24-CV-00177** |
| | § | |
| **YALE UNIVERSITY, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT WELLS FARGO BANK, N.A.'S
## MOTION TO DISMISS COMPLAINT

Pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") moves the Court to dismiss the entirety of Plaintiffs Prophet Willie H. Ellis, Candlestick Ministries, and Class Action Partners a/k/a Judah or (Juden)'s (collectively, "Plaintiff") Complaint[1] and Demand for a Jury Trial (the "Complaint") for failure to state a claim upon which relief can be granted.

### I.  SUMMARY

Plaintiff filed suit against Wells Fargo and numerous other defendants regarding a "RICO Injury Suffered by Plaintiffs."  Complaint at 31.  While absent of any relevant factual allegations, the Complaint is instead largely a conspiratorial commentary related to COVID-19, religion, and Freemasonry, none of which amounts to any viable claim, much less have any factual relationship or legal relevance to Wells Fargo.  The Complaint is approximately 480 pages in length, comprised of various exhibits and images, but Plaintiff dedicates only a five-sentence paragraph to the purported RICO cause of action.  Consequently, Wells Fargo moves for a dismissal because the

---

[1] Plaintiff asserts that this action should be treated as a class action, but the Complaint fails to comply with any of the necessary requirements under Rule 23 in order to maintain a class action.

Complaint fails to comply with the pleading requirements of Rule 8 and otherwise fails to state a viable claim for relief under Rule 12(b)(6). Plaintiff's RICO claim lacks the requisite factual or legal support to state a viable claim. Accordingly, dismissal is warranted.

## II. ARGUMENT AND AUTHORITIES

### A. <u>Legal Standard.</u>

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a complaint must assert facts sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted).

The Complaint cannot make a mere allegation of misconduct, but rather, must include a "statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) ("Under Rule 8(a), a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws.").

Further, the purpose of Rule 8 is to "[e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (quoting *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952)). Accordingly, when a complaint is not only

of an unwieldy length, but also largely unintelligible, like the complaint here, courts in this Circuit—including this Court—have deemed dismissal under Rule 8 appropriate. *See Armstrong v. Tygart*, No. A-12-CA-606-SS, 2012 WL 13071541 (W.D. Tex. July 9, 2012) (dismissing complaint consisting of 80 pages and 261 paragraphs for failure to allege a short and plain statement); *Rogers v. Penland*, No. 9:03-CV-160, 2004 WL 7330261, at *13 (E.D. Tex. Jul. 28, 2004) (dismissing an 80-page counterclaim for violating Rule 8); *Jaser v. AT&T Servs. Inc.*, No. 3:18-CV-3429, 2020 WL 1329151, at *5 (N.D. Tex. Mar. 23, 2020) (dismissing a 180-page complaint because it was excessively lengthy and repetitive and thus in violation of Rule 8); *Kulksdahl v. Loyola Univ. New Orleans*, No. 16-2990, 2016 WL 4261732, at *1–2 (E.D. La. Aug. 12, 2016) (dismissing a 130-page complaint because it was comprised of "rambling, scattered arguments and factual allegations which unquestionably" violated Rule 8 (citing *Gordon*, 602 F.2d at 745–76)).

Further, while a Rule 8 dismissal is normally without prejudice, *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 450 n.1 (5th Cir. 2005), "a dismissal with prejudice [is] warranted" where the Complaint is "of an unwieldy length" and "largely unintelligible." *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007); *see Vanderbol v. State Farm Mutual Auto Ins. Co.*, 2020 WL 6866393, *4-5 (E.D. Tex. Nov. 23, 2020) (dismissing with prejudice pursuant to Rule 8 a 383-page complaint); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217, at 34 (3d ed. 2004) (citing *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376–77 (7th Cir. 2003) (Easterbrook, J.), cert. denied, 540 U.S. 968, 124 S.Ct. 450, 157 L.Ed.2d 313 (2003) (after three amended complaints plus one "more definite statement," none of which satisfied Rule 8(a) or 9(b), dismissal with prejudice was warranted); *Strunk v. United States House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (dismissal with prejudice was

proper where prior leave to amend was extended generously and successive pleadings remained prolix and unintelligible)).

**B.**   **This Court Should Dismiss the Complaint Because It Fails to State a Claim for Violation of the Racketeer Influenced and Corrupt Organizations Act.**

The only claim identified in the Complaint is a cause of action for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962 *et seq*. "To establish a prima facie civil RICO claim, a plaintiff must allege: (1) a substantive predicate violation of 18 U.S.C. § 1962; (2) injury to his business or property; and (3) a causal connection between the racketeering activity and the injury." *Varela v. Gonzales*, 2013 WL 5658606, at *4 (N.D. Tex. Oct. 17, 2013) (quoting *Simpson v. Sanderson Farms, Inc.*, 2012 WL 4049435, at *3 (M.D. Ga. Sept.13, 2012)). Plaintiff failed to satisfy the required pleading requirements as to any element; therefore, Plaintiff's RICO claim should be dismissed.

To establish the first prong (a § 1962 violation), Plaintiff must sufficiently allege facts to support an inference of "the existence of 1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015) (citing *In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993)) (internal quotation marks omitted). As to the second element, "[r]acketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (citing *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996)). The Complaint fails to include any cognizable facts to support these elements.

Here, Plaintiff conclusorily alleges that he has been "substantially injured as a direct and proximate result of the Defendants [sic] racketeering activities." Complaint at 31.[2] Notably, the Complaint is devoid of any specific statement or allegations which show a RICO violation or a pattern of racketeering activity by Wells Fargo. Nor does Plaintiff allege viable damages to business or property, or that Plaintiff suffered injury by reason of the alleged § 1962 violation.  *See Ocean Energy II, Inc. v. Alexander & Alexander, Inc.*, 868 F.2d 740, 746 (5th Cir. 1989) (requiring plaintiff to establish injury by reason of defendant's § 1962 violation).  And Plaintiff's vague references to RICO alone do not amount to a viable RICO claim.  Thus, Plaintiff has failed to plead the claim with the required level of specificity, and the RICO claim must be dismissed with prejudice.

### III.  CONCLUSION

Plaintiff's claim fails as a matter of law.  Plaintiff's Complaint attempts to allege violations of the Racketeer Influenced and Corrupt Organizations Act in only the most conclusory way. Plaintiff provides no factual support for the claim, nor sets forth any element of the RICO claim. Based on the foregoing, Wells Fargo moves to dismiss the Complaint because Plaintiff failed to state a claim for relief. Dismissal should be with prejudice as allowing Plaintiff to restate any claim would be an act of futility.  *See e.g.*, *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968) (noting that the Federal Rules of Civil Procedure "do not require that courts indulge in futile gestures").

---

[2] Of the few factual allegations included in the Complaint, Plaintiff asserts Defendants "engage[d] in criminal activities" that made the Washington Monument shorter than 555 feet, Defendants "devised an elaborate scheme to defraud me of over $60,000" and "block[] my access to [] $22,500,000," and Defendants "engaged in multiple offenses to keep the mystery of the Migrants crossing our Southern Borders hidden." Complaint at 6, 11, and 43. Plaintiff, however, fails to provide any support for these allegations necessary to substantiate the RICO claim, much less any factual allegation pertinent to Wells Fargo.

Dated: April 29, 2024                    Respectfully submitted,


                                         */s/ Efrain Vera*
                                         **Efrain Vera**, SBN: 24122707
                                         E-mail: evera@mcguirewoods.com
                                         **Brittney Angelich**, SBN: 24109591
                                         E-mail: bangelich@mcguirewoods.com
                                         **MCGUIREWOODS LLP**
                                         2601 Olive St., Ste. 2100
                                         Dallas, TX 75201
                                         (214) 932-6400
                                         (214) 932-6499 (fax)

                                         **ATTORNEY FOR DEFENDANT**
                                         **WELLS FARGO BANK, N.A.**



### CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, a copy of the foregoing was served via the Court's ECF filing system on all parties of record.


                                         */s/ Efrain Vera*
                                         **Efrain Vera**