IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PROPHET WILLIE H. ELLIS; CANDLESTICK MINISTRIES; AND CLASS ACTION PARTNERS AKA JUDAH OR (JUDEN) <br> *Plaintiffs* <br> v. <br><br> YALE UNIVERSITY, SKULLS & BONES FRATERNITY; WELLS FARGO BANK; BBVA COMPASS BANK; CAXIA BANK; BANTMAX SECURITIES; THE SCOTTISH RITE FREEMASONRY; SUPREME COUNCIL SOUTHERN JURISDICTION; CONOCO PHILLIPS; JOHN & JANE DOE <br> *Defendants* | § § § § § § § § § § § § § § § § § § § | Case No. 1:24-cv-00177-DII |

**DEFENDANT YALE UNIVERSITY'S**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)**

Defendant Yale University files this, its Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (6)).

### I. INTRODUCTION

Plaintiffs filed this lawsuit against a number of entities, including Yale University, alleging that the Defendants engaged in racketeering activity and a criminal conspiracy in the form of a "systematic campaign to destroy Jewish people of color." Compl. at 2. (ECF No. 1, Feb. 22, 2024).

Plaintiff Willie H. Ellis filed at least one other lawsuit based on similar allegations in the past. Mr. Ellis sued the Scottish Rite Temple and others in 2006, alleging that he

had discovered a secret code used by the defendants in that case and Al Quaeda to cause the terrorist attack on September 11, 2001. *See Ellis v. U.S. Chapters of Scottish Rite Freemasonry N. Masonic Jurisdiction, U.S.A.*, 2006 U.S. Dist. LEXIS 116722 at *2, 9 (Case No. 1:05-cv-00682-LY, U.S.D.C. W.D. Tex., 2006). Instead of the X symbol at issue in this lawsuit, the prior case claimed that the letter T was the key symbol. That lawsuit was dismissed with prejudice in 2006 on grounds similar to those set forth below.

Plaintiffs' claims must be dismissed because: Plaintiffs lack standing to bring their claims against Yale University, depriving this Court of subject matter jurisdiction; Plaintiffs have not alleged any basis for personal jurisdiction over Yale in Texas; and Plaintiffs fail to state a claim upon which relief may be granted.

## II. STANDARD OF REVIEW

A complaint must be dismissed if the Court lacks subject matter jurisdiction over the asserted claims, Fed. R. Civ. P. 12(b)(1); if the Court lacks personal jurisdiction over a Defendant, Fed. R. Civ. P. 12(b)(2); or if the plaintiff fails to state a claim on which relief may be granted, Fed. R. Civ. P. 12(b)(6). The Plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *In re S. Recycling, LLC*, 982 F.3d 374 ,370 (5th Cir. 2020). The Plaintiff also bears the burden to make a prima facie showing that personal jurisdiction over the Defendant is proper, typically by demonstrating that the nonresident defendant purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). The Plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face" to avoid dismissal under Rule 12(b)(6).

*Ashcroft v. Iqbal*, 556 U.S. 662, 278 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### III. ARGUMENT AND AUTHORITIES

**A. Plaintiffs lack standing to bring claims against Yale University, which deprives the Court of subject matter jurisdiction.**

Before a federal court can consider the merits of a case, the Plaintiff must establish that it has standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154-455 (1990). Standing has three basic elements: (1) an injury in fact, or a harm that is concrete and actual, not conjectural or hypothetical; (2) causation, meaning that the injury is fairly traceable to the defendant's alleged conduct, and (3) redressability, or the likelihood that the requested relief will remedy the alleged injury. *Department of Educ. V. Brown*, 600 U.S. 551, 143 S. Ct. 2343, 2351 (2023).

Plaintiffs' Complaint does not identify an injury that is fairly traceable to any action of Yale University. The claims against Yale seem to stem from the use of the skull and crossbones symbol by a secret society, claiming that Plaintiff Ellis discovered a code using the symbol "X," which appears throughout history and other icons. *See Pls'* Compl. at 2-3. While the Complaint discusses various theories about numerology, the Covid 19 pandemic, the Bible, and symbolism found in various media sources, it does not identify a specific injury suffered by the Plaintiffs. The Complaint does not identify any act of

Yale University that is related to the Plaintiffs' injury, much less an act that purports to have caused such an injury.  Finally, the Complaint does not state an injury that is likely to be redressed by court order.  As a result, Plaintiffs have failed to establish that they have standing to sue Yale University.  The Court should therefore dismiss the claims against Yale University for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**B. Plaintiffs fail to demonstrate this Court's personal jurisdiction over Yale University.**

In addition to subject matter jurisdiction, Plaintiffs must establish that courts have personal jurisdiction over non-resident defendants.  *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).  Yale University is located in Connecticut.  Plaintiffs' Complaint does not allege any contacts between Yale and Texas, much less contacts that are sufficient to establish personal jurisdiction over Yale University.  Accordingly, the Court should dismiss the claims against Yale University for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

**C. Plaintiffs fail to state a claim for relief against Yale University.**

Plaintiffs' sole reference to a cause of action is found in the section entitled "RICO INJURY SUFFERED BY PLAINTIFFS," which states that the Defendants undermined promises made by God as represented by the Confederate flag.  Pls' Compl. at page 31 of

34 (ECF No. 1 at ECF page 60 of 480[1]).  At best, Plaintiffs' allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to Yale University.  *Iqbal*, 556 U.S. at 678.

The federal Racketeer Influenced and Corrupt Organizations Act requires that Plaintiffs plead and prove that the defendant(s) willfully or knowingly committed or conspired to commit racketeering activity through a pattern involving a separate enterprise or association in interstate commerce.  *See* 18 U.S.C. §§ 1961-1964.  Racketeering activity includes a variety of crimes, including murder, kidnapping, gambling, arson, robbery, bribery, extortion, mail or wire fraud, or other crimes.  *Id.* at § 1961(1).  The Petition is silent as to which alleged crimes the conspiring defendants allegedly committed.

Plaintiff has not made any specific allegations concerning Yale.  Plaintiffs do not identify any specific acts taken by Yale University in their Complaint, nor do they identify any crimes allegedly committed by Yale as part of its criminal conspiracy with the other Defendants.  Plaintiffs failed to plead any facts from which the Court can infer RICO liability for Yale University.  Taken in the light most favorable to the Plaintiffs, the Complaint does not state a plausible claim that Yale somehow knowingly conspired with the other Defendants to engage in an enterprise to commit crimes.  Plaintiffs' claims must

---

[1] The page numbers at the bottom of Plaintiffs' Complaint are inconsistent and non-sequential, so this document references the ECF page number printed at the top of each page.

therefore be dismissed for failure to state a claim for relief under Federal Rule oof Civil Procedure 12(b)(6).

## IV. CONCLUSION AND PRAYER

For the reasons set forth above, Defendant Yale University respectfully asks that the Court dismiss Plaintiffs' lawsuit with prejudice as to Yale University, and to any other relief in law or in equity to which Yale has shown itself to be entitled.

DATED:   April 30, 2024

          Respectfully submitted,

          **RUFFNER SCHOENBAUM MURPHY PLLC**

          By: */s/ Eleanor Ruffner*
          Eleanor Ruffner
          Texas Bar No. 24047034
          Jennifer Settle Jackson
          Texas Bar No. 24060004
          901 S. MoPac Expressway
          Barton Oaks Plaza IV, Suite 290
          Austin, Texas 78746
          (512) 275-6277 (telephone)
          (512) 681-0800 (facsimile)
          eleanor@rslawtx.com
          jenny@rslawtx.com a

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, a copy of the foregoing was served via the Court's ECF filing system on all parties of record.

          By:   */s/ Eleanor Ruffner*