IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **PROPHET WILLIE H. ELLIS;** | § | |
| **CANDLESTICK MINISTRIES; AND** | § | |
| **CLASS ACTION PARTNERS AKA** | § | |
| **JUDAH OR (JUDEN)** | § | |
| *Plaintiffs,* | § | |
| v. | § | Case No. 1:24-cv-00177-DII |
| **YALE UNIVERSITY, SKULLS &** | § | |
| **BONES FRATERNITY, WELLS** | § | |
| **FARGO BANK, BBVA COMPASS** | § | |
| **BANK, CAIXIA BANK,** | § | |
| **BANTMAX SECURITIES,** | § | |
| **THE SCOTTISH RITE** | § | |
| **FREEMASONRY SUPREME** | § | |
| **COUNCIL SOUTHERN** | § | |
| **JURISDICTION, THE SCOTTISH** | § | |
| **RITE FREEMASONRY SUPREME** | § | |
| **COUNCIL NORTHERN** | § | |
| **JURISDICTION,** | § | |
| **CONOCOPHILLIPS, &** | § | |
| **JOHN & JANE DOE** | § | |
| *Defendants.* | | |

**THE SUPREME COUNCIL (MOTHER COUNCIL OF THE WORLD)
OF THE INSPECTORS GENERAL KNIGHTS COMMANDERS
OF THE HOUSE OF THE TEMPLE OF SOLOMON OF THE THIRTY-THIRD
DEGREE OF THE ANCIENT AND ACCEPTED SCOTTISH RITE OF FREE
MASONRY OF THE SOUTHERN JURISDICTION
OF THE UNITED STATES OF AMERICA
a/k/a SUPREME COUNCIL OF THE ANCIENT AND ACCEPTED
SCOTTISH RITE OF FREE MASONRY FOR THE SOUTHERN JURISDICTION
OF THE UNITED STATES OF AMERICA'S
MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6) AND RULE 8**

TO THE UNITED STATES DISTRICT COURT:

COMES NOW, THE SUPREME COUNCIL (MOTHER COUNCIL OF THE WORLD)

OF THE INSPECTORS GENERAL KNIGHTS COMMANDERS OF THE HOUSE OF THE

TEMPLE OF SOLOMON OF THE THIRTY-THIRD DEGREE OF THE ANCIENT AND

ACCEPTED SCOTTISH RITE OF FREE MASONRY OF THE SOUTHERN JURISDICTION OF THE UNITED STATES OF AMERICA a/k/a SUPREME COUNCIL OF THE ANCIENT AND ACCEPTED SCOTTISH RITE OF FREE MASONRY FOR THE SOUTHERN JURISDICTION OF THE UNITED STATES OF AMERICA (sued as "The Scottish Rite Freemasonry Supreme Council Southern Jurisdiction") (hereinafter called "Scottish Rite-Southern"), one of the Defendants in this lawsuit, and files this Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 8 and respectfully shows the Court the following:

### INTRODUCTION

Plaintiffs filed this lawsuit against Scottish Rite-Southern and other Defendants claiming the Defendants had engaged in a conspiracy against "Jewish people of color" *See* Original Complaint, at p. 2.[1] In a lengthy complaint of over 400 pages, Plaintiffs blame the Defendants for the status of politics, for the pandemic, and for losses in the financial markets. *See* Original Complaint, at pp. 6, 8, 12-14. Plaintiffs discuss at length a secret password that they trace throughout history. *See* Original Complaint at p. 6.

Without providing any specific facts, Plaintiffs state that they believe there has been a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 *et seq*. Plaintiffs' Original Complaint fails to contain the necessary specific facts and the necessary legal authorities to avoid a dismissal of the claims against Scottish Rite-Southern. Therefore, Scottish Rite-Southern moves the Court to dismiss Plaintiffs' Original Complaint for failure to comply with Rule 8, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] The page numbers at the bottom of Plaintiffs' Complaint are inconsistent and non-sequential, so this document references the ECF page number printed at the top of each page.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(6), dismissal of a complaint is appropriate where there is a failure to state a claim upon which relief can be granted. Plaintiffs' Original Complaint lacks any specific facts to support a viable claim against Scottish Rite-Southern. To avoid dismissal, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.E.2d 868 (2009). In ruling on a motion to dismiss, the courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). To survive, a plaintiff's pleading must "contain something more…. than…. a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555.

Rule 8 requires that a plaintiff plead with some specificity. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678. Under Rule 8, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading which offers no more than just "labels and conclusions" will not suffice to avoid a dismissal. *See Ashcroft*, 556 U.S. at 678.

**ARGUMENT AND AUTHORITIES**

**A. Plaintiffs' Original Complaint fails to state a claim for relief for a RICO violation against Scottish Rite-Southern.**

To establish a prima facie civil RICO claim under section 18 U.S.C. § 1962, et seq., a plaintiff must allege: "(1) a substantive predicate violation of 18 U.S.C. § 1962, (2) injury to his business or property, and (3) a causal connection between the racketeering activity and the injury."

*Varela v. Gonzales,* 2013 WL 5658606 at *4 (N.D. Tex. Oct. 17, 2013). Next, in order to establish the first prong—a **§** 1962 violation—a plaintiff must adequately plead the three common elements: "(1) a person who engages in (2) a pattern of racketeering activity; and (3) connected to the acquisition, establishment, and conduct or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). With regard to the second element, "racketeering activity consists of a continued criminal activity." *Id.*, quoting *Word of Faith World Outreach Ctr. Church*, *Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996).

Plaintiffs' Original Complaint fails to include specific facts to support any elements of a RICO claim against Scottish Rite-Southern. This Court should dismiss Plaintiffs' RICO allegations against Scottish Rite-Southern.

### B.  Plaintiffs' Original Complaint fails to state a claim upon which relief can be granted regarding the remainder of the allegations in the Complaint.

The remainder of the allegations in Plaintiffs' Original Complaint fail to include any specific facts to support any claims against Defendant Scottish Rite-Southern. Plaintiffs' Original Complaint, although lengthy, is only a collection of conclusory statements, with few directed against Scottish Rite-Southern.

In ruling on a motion to dismiss, the courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin*, 407 F.3d at 696. A pleading which offers no more than "labels and conclusions" will not suffice to avoid a dismissal. *See Ashcroft*, 556 U.S. at 678. This Court should dismiss Plaintiffs' Original Complaint, as against Scottish Rite-Southern, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### C. Plaintiffs' Original Complaint violates Federal Rules of Civil Procedure 8.

Rule 8 requires that a plaintiff plead with some specificity. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678-79. Under Rule 8, the "[f]actual allegations must be enough to raise a belief above the speculative level… on the assumption that all the allegations… are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Because Plaintiffs' Original Complaint violates Rule 8, this Court should dismiss Plaintiffs' Original Complaint against Scottish Rite-Southern. The Fifth Circuit has held that dismissals under Rule 8 are normally without prejudice. *Bennett-Nelson v. La Bd of Regents*, 431 F.3d 448, 456 f.n. 1 (5th Cir. 2005). However, dismissal with prejudice is appropriate for a complaint that is of an unwieldy length and is largely unintelligible. *Stephanatos v. Cohen,* 236 Fed. App'x 785, 787 (3rd Cir. 2007). Here Plaintiffs' Original Complaint is over 400 pages in length and is largely unintelligible political rambling which justifies dismissal with prejudice.

### D. The Plaintiffs' Complaint fails to establish standing against Scottish Rite-Southern.

Plaintiffs lack standing for any allegations against Scottish Rite-Southern. In a lengthy complaint of over 400 pages, Plaintiffs blame the Defendants for the status of politics, for the pandemic, and for losses in the financial markets. *See* Original Complaint, at pp. 6, 8, 12-14. The pleading discusses at length a secret password that traced throughout history. *See* Original Complaint at p. 6. None of these allegations demonstrate any standing to bring this lawsuit against Scottish Rite-Southern.

To establish standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Denning v. Bond Pharm, Inc.,* 50 F.4th 445, 450 (5th Cir. 2022), *citing*

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L.Ed.2d 635 (2016). To show injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest 'that is "concrete and particularized' and 'actual or imminent,' not 'conjectural or hypothetical.'" *Denning*, 50 F.4th at 451; *Spokeo*, 573 U.S. at 339, *quoting Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Plaintiffs' Original Complaint does not meet any of the thresholds for standing. For this additional reason, this Court should dismiss this lawsuit against Scottish Rite-Southern due to lack of standing.

## CONCLUSION AND PRAYER

For the reasons set forth above, Defendant The Supreme Council (Mother Council of the World) of the Inspectors General Knights Commanders of the House of the Temple of Solomon of the Thirty-third Degree of the Ancient and Accepted Scottish Rite of Free Masonry of the Southern Jurisdiction of the United States of America a/k/a Supreme Council of the Ancient and Accepted Scottish Rite of Free Masonry for the Southern Jurisdiction of the United States of America (sued as "The Scottish Rite Freemasonry Supreme Council Southern Jurisdiction") respectfully asks that the Court dismiss Plaintiffs' lawsuit with prejudice, and grant to Defendant any other relief in law or in equity to which it may be entitled.

Respectfully submitted,

**MCLEOD, ALEXANDER, POWEL & APPFEL, P.C.**

By: _____
Bryan R. Lasswell
Texas Bar No. 00784450
Walter C. Brocato
Texas Bar No. 03039050
802 Rosenberg, P.O. Box 629
Galveston, Texas 77553
(409) 763-2481 (telephone)
(409) 762-1155 (facsimile)
brlasswell@mapalaw.com
wcbrocato@mapalaw.com

ATTORNEYS FOR DEFENDANT
THE SUPREME COUNCIL (MOTHER COUNCIL
OF THE WORLD) OF THE INSPECTORS
GENERAL KNIGHTS COMMANDERS OF THE
HOUSE OF THE TEMPLE OF SOLOMON OF THE
THIRTY-THIRD DEGREE OF THE ANCIENT
AND ACCEPTED SCOTTISH RITE OF FREE
MASONRY OF THE SOUTHERN JURISDICTION
OF THE UNITED STATES OF AMERICA a/k/a
SUPREME COUNCIL OF THE ANCIENT AND
ACCEPTED SCOTTISH RITE OF FREE
MASONRY FOR THE SOUTHERN
JURISDICTION OF THE UNITED STATES OF
AMERICA

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 7, 2024, a copy of the foregoing was served via the Court's ECF filing system on all parties of record, and that, on May 7, 2024, I served a copy of the foregoing document on the Plaintiff by U.S. Certified Mail, Return Receipt Requested and Regular Mail, addressed to the following:

Prophet Willie H. Ellis
Pro Se Plaintiff
P.O. Box 545
Giddings, Texas 78942

Candlestick Ministries
Pro Se Plaintiff
P.O. Box 545
Giddings, Texas 78942

By: /s/ Bryan R. Lasswell
Bryan R. Lasswell