IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIE E. ELLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-177-DII |
| | § | |
| WELLSFARGO BANK, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Plaintiff Willie E. Ellis ("Ellis") filed his complaint in this case on February 22, 2024. (Dkt. 1). Ellis is not a prisoner and she is not proceeding *in forma pauperis*. The screening provisions of 28 U.S.C. §§ 1915 and 1915A therefore do not apply. Nevertheless, district courts have the inherent authority to screen a pleading for frivolousness and may dismiss *sua sponte* claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" because such claims lack "the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)). This inherent power applies even with respect to complaints in which the plaintiff is not a prisoner and has paid a filing fee. *Black v. Hornsby*, No. 5:14-CV-0822, 2014 WL 2535168, at *3 (W.D. La. May 15, 2014), *subsequently aff'd sub nom. Black v. Hathaway*, 616 F. App'x 650 (5th Cir. 2015).

Having reviewed Ellis 4-page complaint (and over 400 pages of exhibits), the Court finds that it is fantastical and completely frivolous. Ellis sues several defendants based on a hodgepodge of conspiracy theories related to the terrorist attacks on September 11, the Skull and Bones society at Yale University, a Scottish Rite-Southern Freemasons. (Compl., Dkt. 1). Ellis alleges a violation of

1

federal RICO statutes, 18 U.S.C. § 1962, et seq, but utterly fails to state any facts which plausibly support a RICO violation or his standing to bring suit. Ellis's complaint is unwieldy and incoherent.

Because the Court finds that all of Ellis's claims are totally frivolous, the Court will invoke its inherent authority to dismiss this action with prejudice. As stated by the Fifth Circuit:

> Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.

*Dilworth*, 81 F.3d at 617 (quoting *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. 1981)).

This reasoning is applicable in cases such as this one.

Accordingly, for the reasons given above, the Court **ORDERS** that Ellis's complaint is **DISMISSED WITH PREJUDICE** as frivolous.

**SIGNED** on May 8, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE